# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF WISCONSIN

BRUCE TERRELL DAVIS, JR.,

    Plaintiff,

  v.                                                      Case No. 19-CV-1490

SUSAN PETERS, et al.,

    Defendants.

## ORDER ON PLAINTIFF'S MOTION TO COMPEL

Plaintiff Bruce Terrell Davis, Jr., is representing himself in this § 1983 case. On June 26, 2020, he filed a motion to compel. (ECF No. 33.) He explains that he served discovery requests on defendant Susan Peters[1] on May 13, 2020, but she has not responded. He also states that he has had multiple problems with receiving "certificate[s] of service" from the clerk's office and Peters' lawyer. (*Id.* at 2.) He complains that he still has not received a certificate of services for the discovery he served in May. Peters responded to Davis's motion on July 8, 2020.

It appears that Davis misunderstands the mechanics of certificates of service. Under Federal Rule of Civil Procedure 5(d)(1)(B), a party that files a document with the court must also file a certificate of service indicating that, in addition to filing the document, the party served the document on the opposing party. Under the rule, a certificate of service is not required when a party uses the court's electronic-filing

---

[1] The remaining defendants are represented by separate counsel.

system to serve the opposing party. Prisoners serve their documents on the opposing party using the court's electronic-filing system, which is why they are not required to file certificates of service along with their filings.

Davis's complaint that he did not receive a certificate of service from the court or from Peters' lawyer for the discovery Davis served on Peters is without merit. Peters' lawyer is not obligated to send Davis a certificate of service for discovery that was served upon Peters—it is not his responsibility to establish that Davis's discovery was served upon his client. Peters' lawyer would create and send Davis a certificate of service only when Peters files a document with the court and serves that document on Davis. Because parties do not file their discovery requests with the court, they are not required to file a certificate of service with the court when they serve their discovery requests on the opposing party. Further, the clerk's office never prepares certificates of service, nor does it mail certificates of service on behalf of parties. Parties who file documents with the court are responsible for serving their documents on the opposing parties along with certificates of service; that is not the court's responsibility.

It is true that, in response to Davis's request, the clerk's office mailed Davis a copy of the docket, but it did so as a courtesy to Davis. Generally, parties are required to pay a fee of $0.10 per page when requesting documents (including docket sheets) from the clerk's office. In the future, if Davis requests copies, he will be required to submit payment with his request.

With regard to Davis's request that the court compel Peters to respond to his discovery requests, Civil L. R. 37 requires a party to confer or attempt to confer in good faith with the opposing party before asking the court to get involved in a discovery dispute. This is because most discovery disputes can be resolved informally without motion practice and without the court's involvement, saving both the parties and the court valuable time and resources. A party should involve the court only when efforts to resolve the dispute have clearly failed. A party who files a motion must include in their motion an explanation of their attempts to resolve the dispute informally.

Peters confirms that Davis made no efforts to resolve his concerns with defense counsel before he filed his motion. Accordingly, I will deny his motion to compel. According to Peters, challenges with mailing her responses prevented timely delivery of her responses. Thus, it appears that Davis's concerns could have been easily addressed had he complied with Rule 37 and attempted to informally resolve his issues before involving the court.

I will extend the discovery and dispositive motion deadlines to allow Davis an opportunity to review Peters' responses, which he only recently received. Peters agrees an extension is warranted.

**NOW, THEREFORE, IT IS ORDERED** that Davis's motion to compel (ECF No. 33) is **DENIED**.

3

Case 2:19-cv-01490-LA-NJ   Filed 07/10/20   Page 3 of 4   Document 37

**IT IS FURTHER ORDERED** that the discovery deadline is **EXTENDED** to **August 28, 2020**, and the dispositive motion deadline is **EXTENDED** to **September 28, 2020.**

Dated in Milwaukee, Wisconsin this 10th day of July, 2020.

s/*Nancy Joseph*
NANCY JOSEPH
U.S. Magistrate Judge